ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **GRETCHEN CAPÓ HERNÁNDEZ**<br><br>Demandante - Recurrida<br><br>v.<br><br>**WILLIAM CARRIÓN ROQUE**<br><br>Demandado - Recurrido | TA2026CE00221 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.: **SJ2025RF01468**<br><br>Sobre: Divorcio (R.I.); Remedios Provisionales |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de marzo de 2026.

Comparece ante nos Solar Now Puerto Rico, LLC (Solar Now o peticionaria), mediante el presente recurso de *certiorari*, y solicita que intervengamos con la *Orden de Remedios Provisionales* emitida y notificada el 11 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI),[1] así como con dos (2) órdenes emitidas y notificadas el 17 de febrero de 2026 por el referido foro.[2]

En los aludidos dictámenes, el TPI impuso a la peticionaria una serie de limitaciones y obligaciones respecto a su operación e información financiera, así como que denegó permitir la comparecencia especial al pleito, según solicitada por Solar Now.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto discrecional de *certiorari*.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 121.

[2] *Íd.*, Entradas Núm. 131 y 138.

## I.

El presente caso tiene su génesis el 14 de octubre de 2025, cuando la señora Gretchen Capó Hernández (señora Capó Hernández o recurrida) presentó una *Demanda* de divorcio y remedios provisionales en contra del señor William Carrión Roque (señor Carrión Roque).[3] En lo aquí atinente, indicó que, en 2014, contrajo matrimonio con este bajo el régimen económico de bienes gananciales y, además de exponer que su matrimonio se encontraba irremediablemente roto, señaló que el señor Carrión Roque le impedía participar de las actividades económicas y administrativas de Solar Now. En cuanto a esta, sostuvo que participó junto con el señor Carrión Roque en su creación y desarrollo durante la vigencia de su matrimonio. Asimismo, señaló que este la ha excluido de acceder a los bienes pertenecientes a la compañía, salvo la tarjeta de crédito corporativa.

Luego de varios trámites, el 13 de noviembre de 2025, el señor Carrión Roque presentó su *Contestación a Demanda*.[4] En lo pertinente, señaló que la recurrida nunca ha participado de la gestión y el manejo de Solar Now, así como que tenía acceso a la cuenta corporativa.

Tras múltiples incidentes procesales que no ameritan ser discutidos, el 23 de enero de 2026, la señora Capó Hernández instó una *Moción Urgente de Remedios Provisionales[,] Denuncia de Esquema de Exclusión y Secuestro Patrimonial, Distribución de Frutos Gananciales (Suma Líquida), Extensión de Vigencia Post-Divorcio y Reserva de Créditos*.[5] En esencia, reiteró que el señor Carrión Roque y ella eran socios al cincuenta por ciento (50%) de Solar Now. Asimismo, esgrimió que el señor Carrión Roque ha asumido el

---

[3] *Íd.*, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 13.
[5] *Íd.*, Entrada Núm. 60.

control unilateral del negocio y la ha excluido del manejo e información de la compañía, lo cual indicó que creaba un riesgo real e inmediato del caudal ganancial.

Igualmente, que este la amenazó con tomar represalias económicas en su contra, así como que bloqueó su acceso a las cuentas bancarias, a pesar de ser una de sus firmantes. Apuntaló que todo ello se circunscribía a un secuestro patrimonial de parte del señor Carrión Roque toda vez que sus actuaciones coincidían con la solicitud de requerimiento de documentos y notificación de interrogatorios que cursó dentro del trámite de divorcio. En adición, señaló que los actos del señor Carrión Roque eran coincidentes a una solicitud *ex parte* de una orden de protección interpuesta por este con el mismo propósito de derogar el régimen de coadministración.

En ese sentido, la señora Capó Hernández solicitó que se le adelantara una suma de los frutos gananciales para sufragar los gastos *pendente lite,* así como que se emitieran diversas órdenes, entre las cuales se incluía el acceso a los libros corporativos, prohibiciones de enajenación de bienes gananciales y la coadministración de estos.

Siendo así, el 23 de enero de 2026, el foro *a quo* emitió una *Orden* mediante la cual dispuso que las partes presentaran una propuesta para coadministrar los bienes gananciales e indicó que correspondía brindar acceso a la recurrida a dichos bienes.[6] En adición, le permitió a la señora Capó Hernández que presentara un proyecto de orden en cuanto a su solicitud.

Ante ello, el 26 de enero de 2026, el señor Carrión Roque interpuso un documento intitulado *Breve Cumplimiento de Orden*

---

[6] *Íd.,* Entrada Núm. 68. Notificada el 26 de enero de 2026.

mediante el cual informó que se reuniría con la representación legal a los fines de cumplir con la determinación del TPI.[7]

Posteriormente, el 29 de enero de 2026, la señora Capó Hernández presentó el proyecto de orden sobre los remedios, mediante una *Moción en Cumplimiento Sometiendo Proyecto de Medidas Provisionales*.[8] Junto con el proyecto, la recurrida hizo referencia a las objeciones, estipulaciones y comentarios que el señor Carrión Roque realizó respecto a las medidas cautelares propuestas.

Posteriormente, tras celebrar la vista de divorcio el 29 de enero de 2026, el 4 de febrero de 2026, emitió una *Sentencia* en la que declaró roto y disuelto el vínculo matrimonial.[9]

El 10 de febrero de 2026, la recurrida presentó una *Urgent[í]sima —Moción Suplementaria a Solic[i]tud de Remedios Provisionales por Nuevos Hechos*.[10] En síntesis, solicitó que se ampliaran los remedios provisionales solicitados, a raíz de un alegado esquema de fraude y desvío patrimonial de parte del señor Carrión Roque. Particularmente, señaló que este, el 7 de febrero de 2026, inscribió una nueva entidad corporativa y la registró a nombre de su madre. Sostuvo que lo anterior constituía el uso de un tercero para ocultar, desviar activos y continuar operaciones bajo una estructura corporativa paralela. Asimismo, alegó que Solar Now opera como *alter ego* de ambas partes.

El 11 de febrero de 2026, el foro de instancia emitió y notificó la *Orden de Remedios Provisionales* en la que impuso una serie de medidas cautelares a la señora Capó Hernández, al señor Carrión Roque, así como a Solar Now.[11] En esencia, y en lo aquí atinente, ordenó un descubrimiento de prueba amplio sobre la información

---

[7] *Íd.*, Entrada Núm. 70.
[8] *Íd.*, Entrada Núm. 84.
[9] *Íd.*, Entrada Núm. 107. Notificada el 5 de febrero de 2026.
[10] *Íd.*, Entrada Núm. 117.
[11] *Íd.*, Entrada Núm. 121.

operacional y financiera de la peticionaria; limitó y condicionó la capacidad de Solar Now para disponer de sus bienes, efectuar gastos y realizar gestiones contractuales, así como que apercibió de la posibilidad de nombrar un administrador judicial. Asimismo, indicó que dichos remedios provisionales estarían vigentes hasta que se adjudicaran finalmente todas las controversias sobre la liquidación del régimen económico matrimonial.

Ante ello, el 16 de febrero de 2026, la peticionaria presentó un documento intitulado *Comparecencia Especial de Solar Now En Solicitud Urgente de Orden para la Suspensión de Inspección Ocular y Otros Remedios*.[12] En síntesis, solicitó que se suspendieran las órdenes dirigidas a la corporación toda vez que no era parte en el asunto de epígrafe. Asimismo, solicitó que se le permitiera acceso al expediente, así como que se le concediera un término de treinta (30) días para examinar el mismo y presentar los argumentos que entendiera procedentes con relación al descubrimiento de prueba impuesto.

El 17 de febrero de 2026, la recurrida interpuso una *Urgent[í]sima —Oposición a Comparecencia Especial; Solicitud de Mantener Inspección Ocular, Apercibimiento y Orden de Protección*.[13] En esencia, señaló que Solar Now formaba parte del andamiaje económico desarrollado durante la vigencia del matrimonio y era controlada por el señor Carrión Roque. Asimismo, arguyó que era de aplicación la doctrina de *alter ego*, dado que el señor Carrión Roque ejercía control de Solar Now, por lo que correspondía levantar el velo corporativo sobre esta. En adición, planteó que el señor Carrión Roque sometió voluntariamente a Solar Now a la jurisdicción del TPI. Consecuentemente, solicitó que se denegara la solicitud de la peticionaria.

---

[12] *Íd.*, Entrada Núm. 127.
[13] *Íd.*, Entrada Núm. 128.

Ese mismo día, el TPI emitió y notificó una *Orden* mediante la cual denegó la solicitud de Solar Now en cuanto a la comparecencia especial.[14]

Inconforme, y en idéntica fecha, la peticionaria interpuso una *Moción de Reconsideración Urgente* mediante la cual reiteró su solicitud de comparecencia especial y el planteamiento sobre la falta de jurisdicción sobre su persona, por tratarse de una entidad con personalidad jurídica distinta a la de las partes.[15]

No obstante, ese mismo día, el foro *a quo* emitió y notificó una *Orden* en la que declaró No Ha Lugar la solicitud de reconsideración.[16] En adición, pronunció lo siguiente:

> El expedien[t]e de autos es confidencial. Las partes han sido instruidas mediante orden emitida a dar acceso total y amplio al patrimonio compuesto por ambos y que forma parte de la sociedad legal de gananciales constituída [sic] entre ambos, y a[ú]n vigente. Hemos designado al contador público de Solar Now Puerto Rico como persona a facili[t]ar la información que ambas partes requieran acceder y así coordinar entre estas, y sus representaciones legales, el acceso a la información perteneciente a la sociedad legal de gananciales toda vez [que] existe una coadministración de bienes entre el señor Carrión y la señora Capó. Aquello no relacionado con estos, no es pertinente a los fines de este caso y no tiene alcance en nuestra orden.

Por su parte, el 18 de febrero de 2026, el señor Carrión Roque instó un escrito intitulado *Reconsideración.*[17] Mediante este, arguyó que los remedios provisionales eran extremadamente onerosos, y su representación legal aclaró que era abogada del señor Carrión Roque exclusivamente. Asimismo, peticionó que los remedios provisionales fueran vigentes hasta tanto la sentencia de divorcio adviniese final y firme, y se presente el pleito sobre liquidación de bienes ante el foro correspondiente.

Sobre lo anterior, el 19 de febrero de 2026, el foro de instancia emitió y notificó una *Orden* en la que dispuso lo siguiente:[18]

---

[14] *Íd.*, Entrada Núm. 131.
[15] *Íd.*, Entrada Núm. 135.
[16] *Íd.*, Entrada Núm. 138.
[17] *Íd.*, Entrada Núm. 140.
[18] *Íd.*, Entrada Núm. 143.

Con lugar en cuanto a la vigencia de nuestras medidas cautelares las cuales estarán vigentes únicamente hasta la presentación de causa de acción sobre liquidación del régimen económico del matrimonio en una sala de lo civil. En cuanto al alcance de nuestra orden respecto a la Corporación de la cual ambas partes son los únicos accionistas, reiteramos nuestra orden.

Por otro lado, y aún inconforme, el 20 de febrero de 2026, Solar Now compareció ante nos mediante un recurso de *Certiorari*, y señaló al TPI por la comisión del siguiente error:[19]

> **ERROR: ERRÓ EL TPI AL EMITIR LA ORDEN DE REMEDIOS PROVISIONALES Y LAS DEMÁS ÓRDENES CONTRA SOLAR NOW TODA VEZ QUE NO TIENE JURISDICCIÓN SOBRE ESTA Y AL DENEGAR LA COMPARE[CENCIA] ESPECIAL DE SOLAR NOW PARA OPONERSE A DICHAS ÓRDENES.**

Junto con su recurso, interpuso una *Solicitud de Auxilio de Jurisdicción* en la que nos solicitó la paralización de los procedimientos ante el foro de instancia.[20]

El 23 de febrero de 2026, la recurrida instó ante nos una *Moción de Desestimación Por Falta de Legitimación Activa y Jurisdicción Apelativa* por virtud de la cual planteó que, al negar que el TPI ostentaba jurisdicción sobre su persona, Solar Now no podía arrogarse jurisdicción ante esta Curia para cuestionar una determinación del foro de instancia.[21]

En igual fecha, emitimos y notificamos una *Resolución* en la que concedimos la solicitud en auxilio de jurisdicción instada por Solar Now y, consecuentemente, paralizamos los procedimientos ante el TPI.[22] Igualmente, emitimos y notificamos una *Resolución* mediante la cual denegamos la moción de desestimación presentada por la recurrida.[23]

Así las cosas, el 3 de marzo de 2026, la señora Capó Hernández presentó una *Reconsideraci[ó]n de Resoluci[ó]n Sobre*

---

[19] SUMAC TA, Entrada Núm. 1.
[20] *Íd.*, Entrada Núm. 2.
[21] *Íd.*, Entrada Núm. 3.
[22] *Íd.*, Entrada Núm. 5.
[23] *Íd.*, Entrada Núm. 6.

*Auxilio de Jurisdicción & Moción Urgente Auxilio Sobre Vigencia de Medidas Cautelares.*[24]

El 4 de marzo de 2026, la recurrida instó su *Memorando en Oposici[ó]n a la Expedici[ó]n de Cer[t]iorari.*[25] En igual fecha, emitimos y notificamos una *Resolución* mediante la cual declaramos No Ha Lugar la solicitud de reconsideración presentada por la señora Capó Hernández.[26]

Así, con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

## II.

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846 (2023).

Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Rivera et al. v. Arcos Dorados et al., supra*, págs. 207-208. La antedicha regla establece, en lo pertinente, lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto

---

[24] *Íd.*, Entrada Núm. 8.
[25] *Íd.*, Entrada Núm. 9.
[26] *Íd.*, Entrada Núm. 10.

anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Regla 52.1 de Procedimiento Civil, *supra.*

El delimitar la revisión a dichas instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace esta Curia previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez, supra*, pág. 428; *800 Ponce de León v. AIG, supra*, pág. 176. En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López*, 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, como tampoco constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 n. 15 (2005).

Por lo que, de los factores esbozados se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida como la etapa del procedimiento en la cual fue presentada. Lo anterior, a los fines de determinar si es la más apropiada para intervenir sin ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Es norma reiterada que, el foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen que emitió el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López, supra*, pág. 334.

Expuesta la normativa jurídica aplicable, procedemos disponer del recurso instado ante nos.

### III.

En el presente caso, Solar Now aduce que las medidas cautelares emitidas por el TPI que inciden sobre su persona, fueron dictadas sin que el referido foro ostentara jurisdicción *in personam*, por tratarse de una persona jurídica que no forma parte en el asunto de autos. Asimismo, cuestiona la denegatoria del TPI a comparecer al pleito de epígrafe e impugnar los referidos remedios que, según entiende, le afectan.

Como ya vimos, en las determinaciones recurridas, el foro de instancia decidió que no correspondía reconsiderar los remedios provisionales que ordenó respecto a los bienes comunes que la recurrida y el señor Carrión Roque poseen como parte del patrimonio conyugal. Asimismo, rechazó que Solar Now tuviera acceso al expediente de autos, al este ser de naturaleza confidencial.

No obstante, tras un análisis sosegado de la totalidad del expediente, así como de los argumentos planteados ante nos, no colegimos que se encuentren presentes los criterios por los cuales se justifique que expidamos el auto discrecional de *certiorari* e intervengamos con las determinaciones del foro de instancia.

En ese sentido, añadimos que no atisbamos pasión, prejuicio, error manifiesto o actuación arbitraria en el proceder del foro *a quo*, por lo que rechazamos expedir el auto de *certiorari* solicitado.

**IV.**

Por las razones discutidas anteriormente, dejamos sin efecto la orden de paralización de los procesos y denegamos expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones